UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**FLORIDA GAS TRANSMISSION COMPANY, LLC,**

    **Plaintiff,**

vs.

**+/- 0.147 ACRES OF LAND IN PUTNAM COUNTY, FLORIDA, OLIVER W. STRICKLAND, UNKNOWN OWNERS, IF ANY,**

    **Defendants.**

_____/

Case No.

Tract Nos:
FLMED-PUTN-003.00

## COMPLAINT

Plaintiff, Florida Gas Transmission Company, LLC ("FGT"), files this Complaint to condemn easement interests necessary for its interstate natural gas pipeline project and states:

### Nature of Action and Parties

1. This condemnation action is authorized by the Natural Gas Act, 15 U.S.C. §§ 717- 717z, and is governed by Fed.R.Civ.P. 71.1.

2. FGT is a Delaware limited liability company authorized to do business in the State of Florida, and its principal place of business is located at 1300 Main St., Houston, Texas 77002. FGT is an interstate natural gas company as defined by Section 2(a) of the Natural Gas Act, 15 U.S.C. § 717 et

seq., and, as such, is qualified to construct, own, operate, and maintain pipelines for the transmission of natural gas and its by-products. FGT's authorization to transport natural gas in interstate commerce is granted by and subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC"). FGT's transmission system consists of a 5,300-mile-long pipeline system that extends from Texas through Louisiana, Mississippi, and Alabama, and throughout Florida.

3.  FGT seeks to condemn easement interests in property located in Putnam County, Florida (the "Owner's Parcel"). The Owner's Parcel is described in Exhibit 1, which is incorporated herein by reference.

4.  The easement interest(s) that FGT seeks to condemn is/are set forth in Exhibit 2 ("Subject Easements"), which is incorporated herein by reference.

5.  The persons known to FGT to have or who may claim an interest in the Subject Easements are named as Defendants in this action and are listed in Exhibit 3, which is incorporated herein by reference.

6.  There may be additional persons who have or may claim an interest in the Subject Easements whom FGT has not been able to identify. FGT has included these unknown persons as Defendants in this action under the designation "Unknown Owners" pursuant to Fed.R.Civ.P. 71.1(d)(3)(B).

## Jurisdiction and Venue

7.     Jurisdiction and venue are proper in this Court pursuant to 15 U.S.C. § 717f(h), 28 U.S.C. § 1331, and 28 U.S.C. § 1391(b)(2).

8.     Commencing by August 2021, FGT will be constructing approximately 13.7 miles of 30-inch diameter pipeline loop (the "West Loop") from approximately Mile Post ("MP") 521.3 in Columbia County to approximately MP 535.0 in Union County, which will parallel FGT's existing 30-inch and 24-inch diameter mainlines; (ii) approximately 7.0 miles of 30-inch diameter pipeline loop (the "East Loop") from approximately MP 574.8 in Clay County to approximately MP 581.8 in Putnam County, paralleling FGT's existing 26-inch and 24-inch-diameter mainlines; (iii) relocating two pig receiver stations, one from Columbia County to Union County and the other from Clay County to Putnam County; and (iv) modifying existing Compressor Station 18 in Orange County, Florida to allow for one unit at the station to have bi-directional gas flow capability into the existing mainline. The above-described undertaking is collectively known as FGT's Putnam Expansion Project (the "Project").

9.     The Project is a necessary expansion that will enable Florida Gas to provide 169,000 dekatherms per day of firm transportation service for Seminole Electric's new gas-fired, combined-cycle generating unit. Seminole Electric's new generating unit will replace and retire an existing coal-fired

generating unit. FGT is required to deliver this additional capacity to the new Florida Gas/SeaCoast Gas Transmission, LLC delivery point in Putnam County.

10. On May 31, 2019, FGT filed an application with FERC for a Certificate of Public Convenience and Necessity to construct the Project, more specifically describing the Project, the need for the project, identifying the precise route and properties to be impacted and the rationale for FGT's particular route selection.

11. On March 19, 2020, FERC, in Docket No. CP19-474-000, entered an Order issuing a Certificate of Public Convenience and Necessity ("FERC Certificate") authorizing FGT's construction, operation, and maintenance of the Project facilities. A copy of the FERC Certificate is attached as Exhibit 4 and is incorporated herein by reference.

12. FERC has conclusively determined that the Subject Easements are necessary to construct and operate the Project.

13. FGT has been unable to acquire the Subject Easements by contract.

14. FGT offered to purchase the Subject Easements from known Owners for at least $3,000.00, but the offer was not accepted. Upon information and belief, the Defendants claim the value of the Subject Easements is more than $3,000.00.

## Factual Background

15. FERC has authorized the Project as necessary and in the public interest as per the FERC Certificate.

16. FERC's determination of a public need for the Project, as well as its other findings, are conclusive and cannot be collaterally attacked in this action.

## Right to Condemn

17. The Natural Gas Act, 15 U.S.C. § 717f(h), authorizes FGT to condemn the Subject Easements because FGT is the holder of the FERC Certificate, because FERC has determined the Subject Easements are necessary for the construction and operation of the Project, and because FGT is unable to acquire the Subject Easements by contract.

18. FGT is entitled to a Final Judgment of Condemnation of the Subject Easements and such further relief as may be just and proper.

## REQUESTED RELIEF

WHEREFORE, FGT respectfully requests that this Court grant the following relief:

a. Schedule briefing deadlines and a hearing, within sixty (60) to seventy-five (75) days from the filing of the Complaint, on FGT's Motion for Partial Summary Judgment and Motion for Preliminary Injunction filed simultaneously herewith;

b. Following such hearing, enter an order establishing that FGT has the right to condemn the Subject Easements and enter a preliminary injunction granting FGT immediate possession to begin the pre-construction and construction activities of the Project;

c. Thereafter, pursuant to Fed.R.Civ.P. 71.1, determine full compensation for the condemnation of the Subject Easements;

d. Upon payment of full compensation, enter judgment condemning the Subject Easements; and

e. Grant such additional relief as may be just and proper.

Dated this 15th day of March, 2021.

Respectfully submitted,

**SHARMA EMINENT DOMAIN LAWYERS, PLLC.**

/s/ *Prineet Sharma*
PRINEET SHARMA
Florida Bar No.: 154520
prineet@sharmafl.com
malinda@sharmafl.com
melissa@sharmafl.com
IGMEDIO EDGARDO PANTALEON, JR.
Florida Bar No.: 603546
ed@sharmafl.com
IVONNE T. CALDWELL
Florida Bar No.: 0063029
ivonne@sharmafl.com
3732 Winter Garden Vineland Rd.
Winter Garden, FL 34787
(407) 395-3301; Fax: (407) 395-3294
Attorneys for FGT